IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALEXANDER MEYSENBURG, an
individual;

              Plaintiff,

vs.

MIDWEST MEDICAL TRANSPORT
COMPANY, LLC, a Nebraska limited
liability company;

              Defendant.

**4:24CV3107**

**ORDER ON FINAL PRETRIAL
CONFERENCE**

A final pretrial conference was held on the 25th day of March, 2026. Appearing for the parties as counsel were:

**FOR PLAINTIFF:**

Audrey Svane
Ashley Connell
WOODS AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508

**FOR DEFENDANT:**

David Kennison
Allison Balus
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102

(A)    Exhibits.  See attached Joint Exhibit List.

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference.  The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

(B)    Uncontroverted Facts.  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. MMT is an inter-facility ambulance provider that transports patients between healthcare facilities.

2. MMT also performs occasional emergency transports and staffs sporting events and other gatherings to provide medical services.

3. MMT operates stations in Lincoln, Omaha, Fremont, Columbus, Auburn, Grand Island, Kearney, and Hastings.

4. MMT employs a divisional leadership model with multiple layers, organized by region and station.

5. Plaintiff Alexander Meysenburg worked for MMT from November 22, 2019 to August 27, 2023.

6. MMT hired Meysenburg as an Emergency Medical Technician EMT in 2019.

7. In 2021, Meysenburg became a paramedic.

8. In February 2022, MMT promoted Meysenburg to Station Manager.

9. As Station Manager, MMT classified Meysenburg as "exempt" from overtime compensation.

10. As Station Manager, Meysenburg earned a salary of $1,125 per week ($2,250 per pay period).

11. At the time just prior to his promotion, Meysenburg was earning $23.79 per hour as a paramedic.

2

12. On June 12, 2022, Meysenburg returned to his role as a paramedic.

(C)    Controverted and Unresolved Issues.  The issues remaining to be determined and unresolved matters for the court's attention are:

1.  Plaintiff's Claims: Fair Labor Standard Act – Overtime, 29 U.S.C. § 207(a)(1)

    Plaintiff must prove by a preponderance of the evidence that Defendant failed to pay Plaintiff overtime pay for all hours worked by Plaintiff in excess of 40 in one or more workweeks.

2.  Defendant's Defenses: FLSA Executive Exemption, 29 U.S.C. § 213(a)(1)

    Defendant's position is that the jury's role is limited to deciding the questions set forth in Model Instruction 16.07.  *See Jarrett v. ERC Properties, Inc.,* 211 F.3d 1078, 1081 (8th Cir. 2000) ("Disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law.").

    Defendant must prove by a preponderance of the evidence that:
    a.  Plaintiff's primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
    b.  Plaintiff customarily and regularly directs the work of two or more other employees; and
    c.  Plaintiff had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of subordinate employees are given particular weight.

3

3. Statute of Limitations / Willfulness

   Plaintiff must prove by a preponderance of the evidence that:
   a. Defendant either knew that its conduct was prohibited by the law regarding overtime pay, or
   b. Defendant showed reckless disregard for whether its conduct was prohibited by the law regarding overtime pay.

4. Damages, if any:
   a. Plaintiff's position:
      i. Plaintiff must offer evidence of the number of hours worked by plaintiff. The plaintiff bears the burden of proving the extent of any uncompensated work, but may satisfy that burden by "just and reasonable inference." Once the plaintiff has produced such evidence of uncompensated work, the burden then shifts to the Defendant to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.
      ii. The defendant is legally required to maintain accurate records of its employees' hours worked. If the jury finds the defendant failed to maintain records of the plaintiff's hours worked or that the records kept by the defendant are inaccurate, the jury must accept the plaintiff's estimate of hours worked, unless they find it to be unreasonable.
      iii. The overtime compensation amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek, times the regular rate for that workweek, times one and one-half.

          iv. Damages in the amount that plaintiff should have been paid in overtime compensation, less what defendant actually paid plaintiff, as further adjusted by the willfulness element.

  b. Defendant's position:

      i. Plaintiff must prove that Defendant failed to maintain accurate records of his hours worked.

      ii. Plaintiff must prove by just and reasonable inference the extent of any uncompensated work.

      iii. If the Plaintiff proves i and ii, Defendant may prove Plaintiffs' estimate of uncompensated hours of work is unreasonable.

      iv. Based on i, ii, and iii, damages, if any, would be calculated by multiplying the number of hours Plaintiff worked in excess of 40 hours in each workweek that falls within the appropriate statute of limitations period, times the regular rate for that workweek, times one-half.

5. **For the Court:**

  a. Defendant's Motion for Summary Judgment (Filing No. 26)
  b. Plaintiff's Motions in Limine – due March 30, 2026
  c. Defendant's Motions in Limine – due March 30, 2026

(D)　Witnesses.　All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

  1.　Alexander Meysenburg (will call) (Bellevue, NE)
  2.　Jacob Hansen (will call) (Lincoln, NE)
  3.　Connor Christ (will call) (Omaha, NE)

    4.      Paul Lohnes (will call) (Lincoln, NE)

    5.      Samuel (Rob) Senger (may call) (Mina, SD)

    6.      Tyler Kinghorn (may call) (Lincoln, NE)

    7.      April Anderson (may call) (Holdrege, NE)

    8.      Chris Fernandez (may call) (Kansas City, MO)

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

    1.      Rob Senger (will call) (Mina, SD)

    2.      April Anderson (will call) (Holdrege, NE)

    3.      Alexander Meysenburg (may call) (Bellevue, NE)

The parties mutually agree to identify testifying witness day before called.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment.  A witness who has been identified as offering testimony solely to establish foundation for an exhibit shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

(E)    Expert Witnesses' Qualifications.  Experts to be called by plaintiff and their qualifications are: None.

(F)    Voir Dire.  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

6

The Parties request that the Court allow the submission of voir dire questions no later than five (5) working days prior to the first day of trial and that the Court conduct a preliminary examination of prospective jurors, with counsel for both parties asking follow-up questions.

(G)    Number of Jurors.  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of twelve (12) members.

(H)    Verdict.  The parties will not stipulate to a less-than-unanimous verdict.

(I)    Briefs, Instructions, and Proposed Findings.  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Proposed jury instructions shall be filed by April 13, 2026. The parties agree that trial briefs are not necessary in this case, unless the Court requests. In that case, trial briefs are also due by April 13, 2026.

(J)    Length of Trial.  Counsel estimate the length of trial will consume not less than 3 day(s), not more than 4 day(s), and probably about 3 day(s).

(K)    Trial Date.  Trial is set for April 27, 2026.

7

**ALEX MEYSENBURG, Plaintiff**

*s/ Audrey R. Svane*_____
Audrey R.  Svane, No. 25830
Ashley H. Connell, No. 26563
WOODS AITKEN LLP
301 South 13th Street, Suite 500
Lincoln, Nebraska 68508
Telephone:  (402) 437-8500
Facsimile:  (402) 437-8558
asvane@woodsaitken.com
aconnell@woodsaitken.com

**ATTORNEYS FOR PLAINTIFF**

Dated this 25th day of March, 2026.

**BAIRD HOLM, LLP**

/s/*David P. Kennison*_____
David P. Kennison (NE# 25510)
Allison D. Balus NE#_)
BAIRD HOLM LLP
1700 Farnam Street
Suite 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
spmoore@bairdholm.com
drowley@bairdholm.com

**ATTORNEYS FOR DEFENDANT**

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge